**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CASE NO.:**

PATRICIA YOST, an individual, on behalf
of herself and all others similarly situated,

   Plaintiff,

vs.              **CLASS ACTION**

ELON PROPERTY MANAGEMENT COMPANY-
LEXFORD POOLS 1/3, LLC, a Delaware limited
liability company, and ELON PROPERTY
MANAGEMENT, LLC, a Delaware limited
liability company, doing business together as
"Elon Property Management,"

   Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

  Plaintiff, Patricia Yost, an individual, on behalf of herself and all others similarly situated, sues Defendants, Elon Property Management Company - Lexford Pools 1/3, LLC, a Delaware limited liability company, and Elon Property Management, LLC, a Delaware limited liability company, doing business together as "Elon Property Management," and alleges:

### I.   PRELIMINARY STATEMENT

  1. This is an action for actual and statutory damages for violations of 15 U.S.C. §1679, *et seq.*, known more commonly as the "Federal Credit Repair Organizations Act" ("CROA"), for unjust enrichment and declaratory relief.

### II.   JURISDICTION

  2. The jurisdiction of this Court arises under 15 U.S.C. §1679 and 28 U.S.C. §1337.

1

### III.  ALLEGATIONS AS TO PARTIES

3. Plaintiff, Patricia Yost ("Ms. Yost" or "Class Representative"), is *sui juris* and a resident of Rosedale, Maryland.

4. At all times material hereto, Defendant, Elon Property Management Company – Lexford Pools 1/3, LLC ("EPMC"), was a Delaware limited liability.

5. At all times material hereto, Defendant, Elon Property Management, LLC ("ELM"), was a Delaware limited liability company

6. At all times material hereto, EMPC and ELM did business together as "Elon Property Management" ("EPM") in Rosedale, Maryland.

### IV.  FACTUAL ALLEGATIONS

7. Several years prior to the filing of the instant action, Ms. Yost entered into a residential lease agreement ("Yost Lease") with EPM for apartment units at the Cherry Tree Apartment complex in Rosedale, Maryland 21237 ("Yost Apartment") which was renewed each year by Ms. Yost.

8. At the end of a lease term for the Yost Apartment, EPM requested that Ms. Yost execute a document entitled "Renewal Reservation."

9. In May 2020, EPM's agents presented a document entitled "Move-in Reservation" ("Yost Apartment Reservation Form").

10. A copy of the Yost Apartment Reservation Form is attached hereto as Exhibit "A."

11. Pursuant to the Yost Apartment Reservation Form, EPM provided a description of various fees and charges which would be incurred by Ms. Yost monthly for the leasing of the Yost Apartment.

12. Among the fees charged by EPM was a discrete and separate fee in the amount of $5.00 per month for something called "credit builder" ("Credit Builder Fee").

13. As part of the sales pitch to Ms. Yost for the Credit Builder Fees, EPM provided Ms. Yost with marketing material ("Handout") concerning something called a "credit builder program" ("Credit Builder Program").

14. A copy of the Handout for the Credit Builder Program is attached hereto as Exhibit "B."

15. Pursuant to the Credit Builder Program Handout, EPM touted the Credit Builder Program as a "premium service" and informed Ms. Yost and the other tenants participating in the Credit Builder Program would "improve your credit score."

16. The Credit Builder Program Handout further explained:

**What can an improved credit score do for you?**

 Get APPROVED for a loan!
 Get APPROVED for a credit card!
 LOWER Monthly Payments!
✓ LOWER Interest Rates!



JUST 17¢ A DAY!

17. As Ms. Yost wished to retain occupancy of the Yost Apartment, Ms. Yost agreed to the terms of renewal of the Yost Lease as provided for in the Yost Apartment Reservation Form.

18. By renewing the Apartment Lease, Ms. Yost and EPM entered into a contract subject to CROA ("Credit Services Contract").

19. Since renewing the Apartment Lease, Ms. Yost incurred and paid a monthly Credit Builder Program fee of $5.00 ("Credit Builder Fees").

20. The Credit Builder Fees were incurred for the for the express or implied purpose of:

(a) improving the credit, credit history or credit rating of a consumer; or

(b) providing advice or assistance to consumers with regard to any activity or service which includes the credit record, credit history and credit rating of the consumer.

## V.   DEFENDANTS' PRACTICES

21. It is or was the policy and practice of Defendants to provide credit repair services subject to CROA without providing the written disclosures mandated by 15 U.S.C. §1679c before collecting monies for credit repair services.

22. It is or was the policy and practice of Defendants to have consumers enter into contracts for credit repair services without the mandated contract terms and provisions required under 15 U.S.C. §1679d and e.

## VI.   CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of a class consisting of:

> All persons in the United States who, in the four (4) years preceding the filing of the instant action, paid Credit Builder Fees to EPM.

("Class")

24. According to its website, EPM manages a portfolio of 174 apartment communities totaling 17,000 units in 11 states.[1]

25. Based on the number of apartment units managed by Defendants, Plaintiff estimates that the Class includes thousands of class members.

---

[1] *https://elonmanagement.com/our-portfolio* and *https://elonmanagement.com/our-company* (last accessed on June 14, 2021)

26. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual class members.

27. The questions of law common to each class member are:

(1) whether each class member is a "consumer" as said term is defined under 15 U.S.C. §1679a(1); and

(2) whether EPM is a "credit repair organization" as said term is defined under 15 U.S.C. §1679a(3).

28. The factual issues common to each class member are:

(1) whether EPM charged or received money or other valuable consideration for the performance of any service which EPM as a credit repair organization has agreed to perform for any consumer before such service was fully performed, in violation of 15 U.S.C. §1679b(b);

(2) whether EPM provided to each class member the written disclosure mandated under 15 U.S.C. §1679c(a) and (b);

(3) whether EPM entered into a contract to perform credit repair services without a written contract providing for the terms and conditions set forth under 15 U.S.C. §1679d(a) and (b);

(4) whether EPM provided for the right to cancel the contract for credit repair services as mandated by 15 U.S.C. §1679e(a) and (b);

(5) whether the contracts for credit repair services between EPM and the Class are void pursuant to 15 U.S.C. §1679f(c); and

(6) the damages of the Class pursuant to 15 U.S.C. §1679g(a)(1) and (2).

29. Ms. Yost's claim is typical of those of the class members. All are based on the same facts and legal theories.

30. Ms. Yost will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the CROA and class actions. *See, e.g., Locicero v. Intrust*, 2018 WL 4374908 (S.D. Fla. Sept. 13, 2018). Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

31. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the Class thereby making appropriate declaratory relief with respect to the Class as a whole.

33. Ms. Yost requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## COUNT ONE
## VIOLATION OF THE FEDERAL CREDIT REPAIR
## ORGANIZATIONS ACT, 15 U.S.C. §1679, et seq.

34. The Class Representative realleges and reaffirms the allegations contained above as if set forth herein in full.

35. At all times material hereto, Ms. Yost was a "consumer" as said term is defined under 15 U.S.C. §1679a(1).

36. At all times material hereto, EPM was a "credit repair organization" as said term is defined under 15 U.S.C. §1679a(3).

37. At all times material hereto, EPM was a person who used any instrumentality, interstate commerce or the mail to sell, provide or perform (or represents that such person can or will sell, provide or perform) any service in return for the payment of money or the value of consideration for the express or implied purpose of:

    (a) improving the credit, credit history or credit rating of a consumer; or

    (b) providing advice or assistance to consumers with regard to any activity or service which includes the credit record, credit history and credit rating of the consumer.

38. EPM violated the provisions of 15 U.S.C. §1679c in that EPM did not provide a prior written statement advising Ms. Yost and members of the Class of their rights as consumers under CROA before collecting the Credit Builder Fees.

39. EPM violated the provisions of 15 U.S.C. §1679d in that the EPM did not obtain from Ms. Yost or consumers a written and dated contract with the terms and provisions required in said subsection of CROA.

40. EPM violated the provisions of 15 U.S.C. §1679e in failing to provide the required cancellation form to Ms. Yost and the Class.

41. As a direct and proximate result of the violation of CROA by EPM, Ms. Yost and the Class have been damaged.

42. Pursuant to 15 U.S.C. §1679g(a)(1) and (2), Ms. Yost and the Class are entitled to recover the amount of any actual damages sustained by Ms. Yost and the Class, or the amounts paid by Ms. Yost and the Class to EPM as Credit Builder Fees.

43. Pursuant to 15 U.S.C. §1679g(a)(2), Ms. Yost and the Class are entitled to punitive damages in an amount as the Court may allow.

44. Pursuant to 15 U.S.C. §1679g, Ms. Yost and the Class she seeks to represent are entitled to recover reasonable attorney's fees in the bringing of the instant action.

45. Ms. Yost has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

## **COUNT TWO**
## **DECLARATORY AND INJUNCTIVE RELIEF**

46. The Class Representative realleges and reaffirms the allegations contained above as if set forth herein in full.

47. This claim for declaratory relief is brought under the Federal Declaratory Judgment Act to settle and obtain relief from uncertainty and insecurity with respect to the rights, status, and legal relations under the Credit Services Contracts of the Ms. Yost and Class and the consumer protections embodied in the CROA.

48. EPM maintains that it may operate a business of assisting consumers and providing advice or assistance to consumers with respect to improving the credit, credit history or credit rating of a consumer or providing advice or assistance to consumers with regard to any activity or service which includes the credit record, credit history and credit rating of the consumer without complying with the requirements of CROA. As such, consumers will not receive the protections and benefits of CROA until this Court declares and affirms that EPM must comply with the requirements of CROA.

49. Based on information and belief, there is an actual, judicable controversy between the parties relating to the construction of the Credit Services Contract of Ms. Yost and members

of the Class and the application of the CROA to those contracts, including whether such contracts are void pursuant to 15 U.S.C. §1679f(c).

## COUNT THREE
## UNJUST ENRICHMENT

50. The Plaintiff incorporates by reference the foregoing allegations of this Complaint.

51. Ms. Yost and the Class conferred a benefit on EPM by paying for services offered by the EPM as Credit Builder Fees.

52. EPM has knowledge of the benefit conferred by Ms. Yost and the Class.

53. EPM has accepted and/or retained the benefit conferred by Ms. Yost and the Class despite the fact that the Credit Services Contracts of Ms. Yost and the Class are void pursuant to 15 U.S.C. §1679f(c).

54. The circumstances are such that it would be inequitable for EPM to retain the benefits without paying the fair value thereof.

55. EPM has been unjustly enriched by the retention of the benefits paid by Ms. Yost and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Patricia Yost, an individual, prays for relief on behalf of herself and all others similarly situated:

A. For an order certifying the instant matter as a class action;

B. For a declaratory judgment establishing that EPM EPM may not continue operating as a credit repair organization without complying with the requirements of CROA;

C. For compensatory, statutory and punitive damages as a result of EPM's unfair or deceptive and unlawful practices as described herein pursuant to 15 U.S.C. §1679g(a)(1) and (a)(2);

D.        For disgorgement of all monies paid as Credit Builder Fees;

E.        For reasonable attorney's fees and costs pursuant to 15 U.S.C. §1679g (a)(3); and

F.        For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Patricia Yost, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

/s/ *Jane Santoni*_____
Jane Santoni
SANTONI, VOCCI & ORTEGA, LLC
Maryland Bar No. 05303
409 Washington Avenue #1000
Towson, Maryland 21204
Telephone: (443) 921-8161
Email: jsantoni@svolaw.com
*Counsel for Plaintiff*


Robert W. Murphy
MURPHY LAW FIRM
Florida Bar No. 0717223
1212 SE 2nd Ave.
Ft. Lauderdale, Florida 33316
Telephone: (954) 763-8660
Email: rwmurphy@lawfirmmurphy.com
*Co-Counsel for Plaintiff*
*(To be admitted pro hac vice)*